Argued October 26, 1971, affirmed February 9, 1972

WEBB ET UX, *Appellants, v.* MANIFOLD
BUSINESS & INVESTMENTS, INC. ET AL,
*Respondents,* KORSUN ET UX, *Intervenor-
Respondents.*

493 P2d 726

*F. P. Stager,* Salem, argued the cause for appellants. With him on the brief was A. C. Goodrich, Bend.

*Donald C. Walker,* Portland, argued the cause for respondents. With him on the brief was Reuben Lenske, Portland. On the brief for intervenor respondents was Robert Lohman, West Linn.

O'CONNELL, C. J.

This is a suit to quiet title to certain property conveyed to plaintiffs by defendants Reuben and Rose Lenske. Defendants' answer alleged that the conveyance to plaintiffs was without consideration and that title was held in trust for defendants. Plaintiffs' reply alleged that the conveyance was made to defraud creditors. The trial court entered a decree ordering plaintiffs to reconvey the property to defendants Reuben and Rose Lenske and that defendants pay $684.60 to plaintiffs as compensation for acting as trustees of the legal title to the property. Plaintiffs appeal.

The Lenskes (hereafter referred to as defendants) had leased the property in question to plaintiffs in 1962. On April 30, 1964, defendants executed a deed purporting to convey the property to plaintiffs. Soon thereafter a federal tax lien was filed covering the property in dispute. Defendants admit that the purpose of the conveyance to plaintiffs was to avoid a federal government tax lien which was likely to be imposed as

a consequence of Reuben Lenske's conviction for tax evasion. The evidence shows that at the time the deed was executed plaintiffs had knowledge of the purpose of the conveyance. Mr. Lenske's conviction for tax evasion was reversed on appeal and the tax liens were released.

At the time Mr. Lenske was having difficulties with the Internal Revenue Service, other creditors were demanding payment. Rebecca Tarlow, one of the creditors, brought an action against Mr. Lenske. As a part of the settlement of this claim it was agreed that a mortgage on the property in question would be executed to Rebecca Tarlow. J. L. and P. L. Cole also were pressing defendants for payment of their claim. Defendants and plaintiffs entered into a written agreement, dated May 4, 1965, which recited that plaintiffs had title to the property.; that plaintiffs were contemporaneously executing a first mortgage to Tarlow and a second mortgage to the Coles. Defendants agreed to hold plaintiffs harmless as to any liability on account of the execution of the mortgages. The writing recited that it was agreed that plaintiffs were occupying the premises as tenants with the obligation to pay the stipulated rent to the mortgagees. Plaintiffs agreed that upon request they would execute to defendants a deed subject to the mortgages. There were other written agreements and writings incident to the scheme by which Mr. Lenske sought to make it appear that he did not have title to the property.

■ It is clear from Mr. Lenske's own admission that the purpose of making the conveyance to plaintiffs was to put the property beyond the reach of the federal government in the enforcement of its tax lien. If it had turned out that the judgment against him had been

affirmed on appeal, we then would have been pre-sented with the question of whether a transferor who makes a conveyance in fraud of actual creditors can recover the property from his transferee. However, we have held that "where there are no actual creditors to be defrauded, and there is only a mental purpose to hinder imaginary creditors," equity will permit the transferor to recover his property from the trans-feree. *Hanscom v. Irwin*, 186 Or 541 at 568, 208 P2d 330 (1949).[1]

In the present case the reversal of the judgment of conviction established that the federal government had no claim against Mr. Lenske arising out of the alleged tax fraud. For this reason it can be said that the government was not a creditor at the time of the conveyance and the case is brought within the principle announced in *Hanscom v. Irwin, supra.*[2] We hold, therefore, that defendants are entitled to a reconvey-ance of their property.

■ Plaintiffs contend that they are entitled to $10,000 for their efforts in acting as caretakers of the property. The trial court found that plaintiffs occu-pied the property not as caretakers but as tenants of defendants. We reach the same conclusion and hold that plaintiffs are not entitled to compensation for the alleged care and preservation of the property.

■ The trial court held that plaintiffs were entitled to compensation for acting as trustees of the bare legal

[1] Even where a fraudulent conveyance is made when the transferor has actual creditors, there is authority for the view that the transferor should be permitted to recover the property trans-ferred. See 5 Scott on Trusts § 422, p. 3261 (3d ed 1967).

[2] There were creditors other than the government but there was not sufficient evidence to establish that the conveyance had the effect of hindering or delaying these other creditors.

title.  The court awarded plaintiffs $684.60, the amount for which plaintiffs billed the Lenskes as the balance due for the year 1966 and which Mr. Lenske agreed to pay. We think this was a reasonable method of fixing the amount to which plaintiffs were entitled as trustees.

The decree of the trial court is affirmed.